**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

TRACIE LAVELL THOMAS                                                                    PLAINTIFF
ADC # 094947

v.                                                    4:14CV00093-BSM-JJV

JOHN FELTS, *et al.*                                                                    DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.  INTRODUCTION

Tracie Lavell Thomas ("Plaintiff") filed this *pro se* action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights (Doc. No. 1). On April 28, 2014, the Court found Plaintiff's Complaint deficient for failing to state a claim upon which relief could be granted as to any defendant (Doc. No. 12). Plaintiff submitted an Amended Complaint on May 8, 2014 (Doc. No. 13). After careful review of the Amended Complaint, the Court concludes that Plaintiff's suit should be dismissed for failure to state a claim upon which relief may be granted.

## II.   SCREENING

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a fact-finding process for the resolution of disputed facts." *Id.*

## III.   ANALYSIS

The Court determined, after evaluation of Plaintiff's initial Complaint, that he had failed to state a claim upon which relief could be granted as to any of the named defendants

3

(Doc. No. 12). Specifically, he had failed to allege the specifics of each defendant's involvement, what misconduct they were alleged to have engaged in, and how they deprived him of his constitutional rights (*Id.*). Having identified those inadequacies, the Court invited Plaintiff to submit an amended complaint (*Id.*), and he did so (Doc. No. 13). An examination of the Amended Complaint, however, reveals that Plaintiff has failed to correct the flaws which rendered his initial Complaint deficient.

Plaintiff's Amended Complaint names only six defendants: (1) John Felts, Commissioner of the Arkansas Parole Board; (2) Judge Alice Lightle of the Little Rock District Court; and Officers (3) Silva, (4) Christ, (5) Hardman, and (6) Lott, of the Little Rock Police Department. As Plaintiff was cautioned that his Amended Complaint would render his initial Complaint without legal effect, the Court finds it appropriate to dismiss without prejudice all other defendants named in the initial Complaint. These defendants include Dr. Robert Paul Forret, Dr. Nott, the Pulaski County Regional Detention Facility, the Arkansas Department of Human Services, Judge Barry Sims, Major Smith, Deputy Lyr, and Deputy Bradley.

### A. Defendant Felt

Plaintiff's Amended Complaint appears to allege he was wrongfully found guilty of violating an unspecified condition of his parole (Doc. No. 13 at 4). It is not apparent, however, what role, if any, Commissioner Felt played in that finding. Rather, the only reference to Defendant Felt in Plaintiff's statement of claim is the name "Felt" inscribed in the lefthand margin (*Id.*). Under § 1983 a supervisor incurs liability only when he is

personally involved in the violation or when his corrective inaction constitutes deliberate indifference toward the violation. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995). Plaintiff's Amended Complaint does not allege either personal involvement or corrective inaction against Commissioner Felt. Therefore, in the absence of specific allegations of constitutional misconduct against Commissioner Felt, the Court finds that Plaintiff's claims against him should be dismissed.

      B.     **Judge Lightle**

Plaintiff appears to allege that Judge Lightle ordered him jailed twice on the same charges. To the extent Plaintiff alleges a violation of his right to be free from double jeopardy against Judge Lightle, his claim must fail. Judicial immunity protects a judicial officer from civil suits seeking money damages, including suits brought pursuant to 42 U.S.C. § 1983. *Callahan v. Rendlen*, 806 F.2d 795, 796 (8th Cir. 1986). Plaintiff's claims against Judge Lightle are therefore dismissed.

      C.     **Officers Silva, Christ, Hardman, and Lott**

Plaintiff's statement of claim is wholly silent as to the four officers of the Little Rock Police Department who are named as defendants. While the Little Rock Police Department is itself mentioned twice in Plaintiff's statement of claim, it is unclear what constitutional misconduct Plaintiff alleges against its officers.

The Court does note that Plaintiff attached a police incident report to his Amended Complaint (Doc. No.13 at 6). It states that Plaintiff was charged with public intoxication, terrorist threatening, disorderly conduct, and refusal to submit (*Id*.). At the bottom of the

report Plaintiff wrote that he was found not guilty in court, but was "lock[ed] up twice on this" (*Id.*). While the incident report does mention Officers Silva, Christ, and Lott by name, it does not implicate them in any deprivation of Plaintiff's constitutional rights.

In light of the foregoing, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted as to Officers Silva, Christ, Hardman, and Lott.

**IV.   CONCLUSION**

IT IS THEREFORE RECOMMENDED that:

1.   Defendants Dr. Robert Paul Forret, Dr. Nott, the Pulaski County Regional Detention Facility, the Arkansas Department of Human Services, Judge Barry Sims, Major Smith, Deputy Lyr, and Deputy Bradley be DISMISSED without prejudice pursuant to Plaintiff's Amended Complaint.

2.   Plaintiff's claims against Defendants Felt, Lightle, Silva, Christ, Hardman, and Lott be DISMISSED without prejudice for failure to state a claim upon which relief can be granted.

3.   Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

4.   The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations would not be taken in good

---

[1]Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."

faith.

Dated this 21st day of May, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE